# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JESSICA ROBERTS, | \* | |
| | \* | No. 16-1030V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: January 16, 2018 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Decision dismissing case; |
| | \* | Tdap vaccine; hepatitis B vaccine; |
| Respondent. | \* | numbness;  demyelinating disease. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Randall Knutson</u>, Knutson & Casey Law Firm, Mankato, MN, for petitioner.
<u>Lara Englund</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## <u>UNPUBLISHED DECISION DISMISSING PETITION</u>[1]

On August 19, 2016, petitioner filed a claim for compensation under the

National Vaccine Injury Compensation Program (the "Program").  42 U.S.C. §§

300aa-1 to -34.  Petitioner claimed that hepatitis B and tetanus-diphtheria-acellular

pertussis ("Tdap") vaccines that she received on August 22, 2013, caused her to

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services).  Pursuant to Vaccine Rule 18(b), the parties have 14 days to
file a motion proposing redaction of medical information or other information described in 42
U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the
document posted on the website.

develop "left-sided numbness, parathesia [sic], and weakness, demyelinating disease, as well as non-epileptic seizures." Pet. at 1.

Respondent challenged petitioner's eligibility for compensation under the Program for two primary reasons. First, respondent questioned whether petitioner actually suffered a cognizable injury, as required by the Act. Resp't's Rep., filed Dec. 15, 2016, at 11. As the Federal Circuit has stated, "[i]n the absence of a showing of the very existence of any specific injury of which the petitioner complains, the question of causation is not reached." Lombardi v. Sec'y of Health & Human Servs., 656 F.3d 1343, 1353 (Fed. Cir. 2011).

Second, assuming that an injury was found, respondent questioned the claim that the vaccines played a role in causing or significantly aggravating that injury. Particularly, the respondent points out the absence of any medical theory linking the vaccination and the injury. Resp't's Rep., at 10. Furthermore, the respondent identifies that petitioner failed to report to her doctors any of the symptoms that she associates with the vaccines until five months after the vaccination, further undermining petitioner's claim of causation. Id. at 11.

A status conference was held on January 3, 2017. During the status conference, petitioner was advised to file any employment records that may show that petitioner had suffered symptoms closer in time to the vaccination than indicated in her medical records. See Order, issued Jan. 3, 2017. On March 2,

2017, petitioner filed a status report advising that there are no such records available.  On June 1, 2017, petitioner filed a status report stating that she has been unable to obtain an expert opinion that associates her symptoms to the vaccination. Following this status report, the undersigned ordered the petitioner to advise the Court of her next steps in this matter by June 30, 2017.  Order, issued June 2, 2017. Over the next several months, petitioner requested a number of additional extensions of time as the petitioner underwent medical treatment and considered her next steps.

On January 5, 2018, petitioner moved for the undersigned to issue a decision dismissing her case.  Pet'r's Mot., filed Jan. 5, 2018.  Petitioner states that an investigation of the facts and science supporting petitioner's claim demonstrates that petitioner will be unable to prove causation under the Vaccine Act.  Id. at 1. Petitioner states that she is aware that a dismissal will result in a judgment against her and that respondent does not object.  Id.  Through informal communication, respondent states that he does not object.

Compensation under the Vaccine Act is available in two major forms.  Table injuries, which presume causation, can be established if a prescribed injury occurs during a set period of time following a specific vaccination.  Section 300aa-11(c)(1)(C)(i).  Alternatively, petitioners can receive compensation for injuries not

provided for in the vaccine injury table by bringing a successful petition for compensation under Section 300aa-11(c)(1)(C)(ii) of the vaccine act.

Here, petitioner does not claim that Ms. Roberts's alleged injury constitutes a Table injury under the Vaccine Act. As an "off-Table Injury," petitioner must show, by a preponderance of the evidence, that the vaccine caused her injury. See 42 U.S.C. § 300aa–13(a)(1). And though the Vaccine Program was created, in part, to provide an informal plaintiff-friendly forum for adjudicating vaccine injury claims, the Federal Circuit has made clear that plaintiff's burden is to show that the injury more likely than not was the result of the vaccine. See Moberly v. Sec'y of HHS, 592 F.3d 1315, 1322 (Fed. Cir. 2010) (noting that the burden of proving an off-Table injury under the Act is "the traditional tort standard of 'preponderant evidence'").

As the petitioner herself recognizes, the evidence in the present case is insufficient to conclude that a vaccine more likely than not caused her alleged injury. Most probative is the lack of a cognizable injury, the lack of a medical theory associating a vaccine and the injury, and a lack of an explanation for the significant delay between the petitioner's vaccination and the onset of her symptoms. While petitioner is free to present evidence establishing that she did suffer a cognizable injury and showing that a vaccine caused-in-fact that injury, petitioner has instead elected to move for dismissal. **Accordingly, Ms. Robert's**

4

**petition is dismissed for insufficient proof.  The Clerk's Office is instructed to enter judgment in accord with this decision.**

      **IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master
